STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Proposed Attorneys for The Roman Catholic Bishop of
Stockton

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF STOCKTON, a California corporation sole,<br><br>Debtor-In-Possession. | CASE NO. 14-20371<br><br>DCN: FWP-4<br><br>Date: January 21, 2014<br>Time: 10:00 a.m.<br>Courtroom: 35<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DEBTOR'S EMERGENCY MOTION FOR ORDER ESTABLISHING NOTICE AND ADMINISTRATIVE PROCEDURES**

The Roman Catholic Bishop of Stockton, a California corporation sole (the "RCB" or the "Debtor"), hereby files this Emergency Motion for Order Establishing Notice and Administrative Procedures (the "Motion"). In support of this Motion, the Debtor relies upon the Declaration of Douglas Adel Regarding Description of Debtor and Pre-Filing History filed on January 16, 2014 ("Adel Background Decl."), the Declaration of Douglas Adel filed in support of this Motion ("Adel Decl."), as well as all exhibits filed in support of both declarations. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A). Venue is

1   proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the

2   relief requested herein is Rule 2002 of the Federal Rules of Bankruptcy Procedure (the

3   "Bankruptcy Rules").

4          The RCB does not, by filing its petition for relief and other documents in this bankruptcy

5   case, waive any of its rights under any applicable law, including, without limitation, the Code of

6   Canon law, the First Amendment of the United States Constitution, the Constitution for the State

7   of California, California's law on corporations sole (California Corporations Code §§ 10000-

8   10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust

9   law, California trust law, and the rights to object to disclosure of information and to contend that

10  certain assets discussed in the Motion are not property of the estate.

11                                     **RELIEF REQUESTED**

12         The Debtor requests entry of an order establishing appropriate notice and administrative

13  procedures.  For the reasons set forth below, the Debtor requests entry of an order limiting notice

14  on various matters only to the affected parties as described herein.

15                                         **BACKGROUND**

16         On January 15, 2014, the RCB commenced its chapter 11 reorganization case.  The RCB

17  filed this case in order to reorganize its financial affairs pursuant to a plan of reorganization that

18  will, among other things, fairly, justly, and equitably compensate victims of sexual abuse by

19  clergy or others associated with the RCB and bring healing to victims, parishioners and others

20  affected by past acts of sexual abuse.  The RCB has limited funds with which to respond to the

21  variety of demands from its creditors.  The RCB requires the bankruptcy court's protection and

22  the protection of the bankruptcy laws to make fair and equitable payment on all of the claims

23  against it, including the claims by victims of abuse, trade creditors, the parishes and others,

24  while continuing its ministries and support it offers to Catholic parishes and communities.

25         A.    The Diocese of Stockton

26         The Diocese of Stockton (the "Diocese")[1] was established on February 21, 1962.  The

27  _____
    [1] For the avoidance of doubt, the term "Diocese" is used herein exclusively to refer to the juridic person of the
28  Diocese under Canon Law, and the terms "RCB" or the "Debtor" are used herein exclusively to refer to the secular
    legal embodiment of the Diocese.

                                                    MOTION FOR ORDER ESTABLISHING
                                            NOTICE AND ADMINISTRATIVE PROCEDURES
                                        -2-

1 Diocese, comprising the six counties of San Joaquin, Stanislaus, Calaveras, Tuolumne, Alpine,

2 and Mono, currently serves approximately 250,000 Catholics in 35 parishes (collectively, the

3 "Parishes"). The RCB provides resources, spiritual leadership, direction, support, planning,

4 programming, leadership development and other services to individuals of the Roman Catholic

5 faith in addition to the administrative and pooling arrangements the RCB provides to the

6 Parishes as well as a number of other separately incorporated entities which operate in the

7 Diocese (collectively with the Parishes, the "Non-RCB Entities"). Adel Background Decl. ¶¶ 5 -

8 6.

9     As a religious organization, the RCB has no significant ongoing for-profit business

10 activities or business income. Revenue for the RCB principally comes from the annual ministry

11 appeal, fees for services provided to the Non-RCB Entities, donations, grants, and RCB ministry

12 revenue. The RCB's annual operating budget is approximately $5 million. The RCB operates

13 on a fiscal year ending June 30. *Id.* ¶ 7.

14     B.     Events Leading to the Commencement of the Chapter 11 Case

15     A tragedy that runs contrary to every teaching and tradition of the Church[2] has unfolded

16 in the Church as a whole and in the RCB in particular: a small number of clergy and others took

17 advantage of their positions of trust and respect in the community to abuse children (the

18 "Abuse"). The Church as a whole, and the RCB in particular, is committed to providing for all

19 victims/survivors of Abuse, known and yet to be known, in a fair, just and equitable manner

20 with the available resources of the RCB. *Id.* ¶ 13.

21     Until recently, the RCB has maintained financial viability while funding compensation

22 for Abuse victims and continued litigation regarding claims of sexual abuse. In the past 20

23 years, the RCB has paid approximately $14 million in legal settlements and judgments in an

24 effort to fulfill the RCB's responsibility for abuse of minors by a diocesan priest. This amount

25 does not include attorneys' fees and other costs paid by the RCB or contributions from

26 insurance. There are currently four Abuse lawsuits still pending against the RCB alleging

27

28 [2] References to the term "Church" refer to the universal church of Roman Catholic belief, seated in the Vatican and currently headed by Pope Francis.

MOTION FOR ORDER ESTABLISHING
NOTICE AND ADMINISTRATIVE PROCEDURES

-3-

1   liability for failure to supervise or prevent childhood sexual abuse.  Of those four cases, three

2   cases are in the discovery stage, and one case has not yet been served.  No demands have been

3   made in these four cases; however the RCB expects the initial demands to be between $2 and $6

4   million for each case.  *Id*. ¶¶ 16 - 17.  Preliminary indications based on the RCB's schedules are

5   that the property of the RCB's estate totals approximately $5.8 million, net of secured claims

6   and excluding insurance policies, restricted funds and funds held in trust.

7           C.      The Reorganization Case

8           The RCB is a not-for-profit religious organization with limited resources, including very

9   limited or no insurance coverage for the four lawsuits pending against it.  The RCB requires the

10  bankruptcy court's protection and the protection of the bankruptcy laws to make fair and

11  equitable payment of the claims against it, including the victims of Abuse, trade creditors, the

12  Parishes and others.  In addition to RCB's moral obligations to its creditors, the RCB has a

13  fundamental moral obligation to the Catholic faithful it serves – and to donors and benefactors

14  who have entrusted the RCB with the material fruits of their life's labors – to continue the

15  ministries of the Church in fulfillment of the RCB's canonical and secular legal purposes.  *Id*. ¶¶

16  18 - 21.

17          The RCB's goals in seeking chapter 11 relief, therefore, are twofold: <u>first</u>, to protect and

18  preserve the RCB's assets that are properly available for distribution to the RCB's general

19  creditors and ensure that whatever assets can be marshaled be distributed equitably to *all*

20  creditors, not just a few; <u>second</u>, to continue the work of the Church within the Diocese to the

21  fullest extent possible using the resources dedicated to those purposes.  The RCB intends to

22  negotiate a pot plan of reorganization as early as possible which will: (a) allocate the RCB's

23  remaining assets fairly among the legitimate competing interests for such property; (b) provide a

24  process to fully, fairly and expeditiously liquidate claims of Abuse victims; and (c) permit the

25  RCB to carry on the RCB's essential ministries and services so the RCB can continue to meet

26  the needs of the Non-RCB Entities, parishioners, and others who rely on the RCB's ministry,

27  education, and charitable outreach.  *Id*. ¶¶ 22 - 27.

28  ///

MOTION FOR ORDER ESTABLISHING
NOTICE AND ADMINISTRATIVE PROCEDURES

## BASIS FOR RELIEF

Currently, in excess of 300 creditors and parties-in-interest may be technically entitled to receive notice in this case. To require the Debtor to provide notice of all pleadings and other papers filed in this case to all these parties-in-interest, no matter how limited their interest may be in a particular matter, would be extremely burdensome and costly to the Debtor's estate as a result of photocopying and postage expenses as well as other expenses associated with such large mailings. Adel Decl. ¶¶ 7.

The Debtor proposes to establish a limited service list (the "Limited Service List"), which would include the following parties-in-interest: (i) the Office of the United States Trustee for the Eastern District of California; (ii) the Debtor; (iii) the attorneys for the Debtor; (iv) the Debtor's twenty (20) largest unsecured creditors, or the attorneys for the Creditors' Committee if one has been formed; (v) the attorneys for any other committee appointed by the Court; (vi) the attorneys for the Debtor's pre-petition secured creditors; (vii) attorneys for the plaintiffs in all tort cases pending against the Debtor as of the Petition Date; (viii) those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 of the Bankruptcy Rules and (ix) the Internal Revenue Service, and corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Eastern District of California (the "Local Rules"). *Id*. ¶ 8.

With respect to the Debtor's twenty largest unsecured creditors, at such time as the Creditors' Committee, if any, is formed, the Debtor will add the attorneys for the Creditors' Committee to the Limited Service List and will remove the Debtor's twenty largest unsecured creditors.

In furtherance of the above noticing request and consistent with the relief requested in this Motion, the Debtor has prepared a proposed Initial Limited Service List, a copy of which is attached hereto to the exhibit document filed herewith as Exhibit A and incorporated herein by reference.

The Proceedings with respect to which notice would be limited to the Limited Service

1  List would include all matters covered by Bankruptcy Rule 2002, with the *express exception* of

2  the following: (i) notice of the first meeting of creditors pursuant to section 341 of the

3  Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule

4  3003(c); (iii) the time fixed for filing objections to, and the hearing to consider approval of, a

5  disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal

6  of ballots for accepting or rejecting a plan of reorganization.  The Limited Service List also

7  would be used for proceedings in addition to Rule 2002 matters that may be required by the

8  Local Rules to be served upon all parties-in-interest.

9        Counsel for the Debtor will serve a copy of the order approving this Motion on all

10  creditors within three days of the entry of the order.  The proposed order includes instructions on

11  how a party-in-interest can be included on the Limited Service List.

12       The Debtor will update the Limited Service List to include those persons or parties who

13  have made a written request to be included among on the Limited Service List: (i) every seven

14  (7) days during the first thirty (30) calendar days of this case; and (ii) monthly thereafter

15  throughout the pendency of this case to include the name and address of any party-in-interest

16  that has made a written request for notice since the Limited Service List was last updated.  Such

17  updated Limited Service List will be filed with the Court and circulated to all parties appearing

18  on the Limited Service List only in the event that there is a change to the Limited Service List.

19       Upon the completion of noticing any particular matter, the serving party or its agent will

20  submit to the Court an affidavit or certificate of service and an attached list of parties receiving

21  notice within three (3) business days of service.  The affidavit or certificate of service can state

22  that all parties on the Limited Service List were served in lieu of individually identifying each

23  party on the Limited Service List.

24       The Debtor asserts that the relief requested in this Motion is in the best interest of its

25  estate and its creditors and will not prejudice the rights of any party-in-interest in this case.

26  Counsel for the Debtor will post copies of all pleadings filed by counsel for the Debtor on its

27  web page to allow free public access to those documents.

28  ///

MOTION FOR ORDER ESTABLISHING
NOTICE AND ADMINISTRATIVE PROCEDURES

## NOTICE

Notice of this Motion has been provided to the 20 largest unsecured creditors, the secured creditors, the plaintiffs' attorneys in all Abuse cases pending against the Debtor as of the Petition Date, the Office of the United States Trustee, the Internal Revenue Service, corresponding state agencies, as well as other governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court for the Eastern District of California, and those persons who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice of this Motion is necessary.

## CONCLUSION

WHEREFORE the Debtor respectfully requests that this Court:

1.      Enter an order in the form attached hereto as Exhibit B granting the relief requested herein; and

2.      Granting the Debtor such other and further relief as is just and proper.

Dated: January 16, 2014

>                         FELDERSTEIN FITZGERALD
>                         WILLOUGHBY & PASCUZZI LLP
>
>                         By: /s/ Paul J. Pascuzzi
>                             PAUL J. PASCUZZI
>                             Proposed Attorneys for Debtor and Debtor-In-
>                             Possession