STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for The Roman Catholic Bishop of Stockton, a corporation sole

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF STOCKTON, a California corporation sole,<br><br>　　　　Debtor-In-Possession. | CASE NO. 14-20371-C-11<br><br>DCN: FWP-10<br>Date:　　April 30, 2014<br>Time:　　10:00 a.m.<br>Courtroom:　35<br>　　　　501 I Street, 6th Floor<br>　　　　Sacramento, CA |

**MOTION FOR ORDER: (1) FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING CLAIM FORMS; AND (3) APPROVING MANNER AND FORM OF NOTICE**

The Roman Catholic Bishop of Stockton, a California corporation sole (the "RCB" or the "Debtor"), debtor in possession, moves the Court for an order establishing various claims bar dates; approving the proposed proof of claim form for abuse and other claimants; approving confidentiality procedures for claims filed arising from sexual abuse; and approving the form and manner of the proposed notices of the claim bar dates (the "Motion"). In support of this Motion, the Debtor relies upon the Declaration of Douglas Adel Regarding Description of Debtor and Pre-Filing History filed on January 16, 2014, at Docket No. 10 ("Adel Background Decl."), the Declaration of Sister Terry Davis ("Davis Decl.") in support of the Motion filed herewith, all exhibits filed in support of the Motion, and the following points and authorities:

## JURISDICTION

This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b). The statutory bases for the relief requested are §§ 502 and 503 of the Bankruptcy Code.[1] The Motion is also based on Rules 2002, 3003 and 9008 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 3003-1 of the Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California ("Local Rules").

The RCB does not, by filing its petition for relief and other documents in this bankruptcy case, waive any of its rights under any applicable law, including, without limitation, the Code of Canon law, the First Amendment of the United States Constitution, the Constitution for the State of California, California's law on corporations sole (California Corporations Code §§ 10000-10015), the Religious Freedom Restoration Act, the church autonomy doctrine, charitable trust law, California trust law, and the rights to object to disclosure of information and to contend that certain assets are not property of the estate.

## INTRODUCTION AND RELIEF REQUESTED

In order for the Debtor to administer its estate fully, to solicit acceptances or rejections in connection with a chapter 11 plan, and to make distributions thereunder, the Debtor must obtain complete and accurate information regarding the nature, validity and amount of all claims that will be asserted in this bankruptcy case.[2] Consequently, the Debtor respectfully requests that, pursuant to Bankruptcy Rule 3003(c) and Local Rule 3003-1, the Court: (i) establish the Bar Dates (defined below) and related claims procedures; (ii) approve the proposed Proof of Claim Forms (defined below); (iii) approve proposed procedures for maintaining the confidentiality of proofs of claim filed in connection with Abuse Claims; and (iv) approve the form and manner of the proposed notices of the Bar Dates.

---

[1] All section references hereafter are to Title 11 of the United States Code unless noted otherwise.

[2] As used herein, the term "claim" has the meaning given to it in Bankruptcy Code section 101(5).

The Debtor has consulted with counsel for the Official Committee of Unsecured Creditors ("Creditors' Committee") and the Office of the United States Trustee ("UST") and incorporated comments received into this Motion.

**BACKGROUND OF THE DEBTOR**

On January 15, 2014, the RCB commenced its chapter 11 reorganization case. Pursuant to Bankruptcy Code sections 1107 and 1108, the Debtor continues to operate its business and manage its property as a debtor-in-possession. No trustee or examiner has been requested or appointed in this case.

A. <u>The Diocese of Stockton</u>

The Diocese of Stockton (the "Diocese")[3] was established on February 21, 1962. The Diocese, comprising the six counties of San Joaquin, Stanislaus, Calaveras, Tuolumne, Alpine, and Mono, currently serves approximately 250,000 Catholics in 35 parishes (collectively, the "Parishes"). Adel Background Decl. ¶ 5.

The RCB provides resources, spiritual leadership, direction, support, planning, programming, leadership development and other services to individuals of the Roman Catholic faith in addition to the Parishes (which collectively operate eighteen Catholic pre- and elementary (K-8) schools as well as thirteen missions), two Catholic high schools and various other separately incorporated Catholic-based entities which operate in the Diocese. The RCB has approximately thirty-seven salaried employees and seven hourly employees. In addition to the RCB's employees, the RCB also has several sisters from various religious orders who provide services to the Diocese. *Id.* ¶ 6.

As a religious organization, the RCB has no significant ongoing for-profit business activities or business income. Revenue for the RCB principally comes from the annual ministry appeal, fees for services provided to the Non-RCB Entities (defined below), donations, grants, and RCB ministry revenue. The RCB's annual operating budget is approximately $5 million.

---

[3] For the avoidance of doubt, the term "Diocese" is used herein exclusively to refer to the juridic person of the Diocese under Canon Law, and the terms "RCB" or the "Debtor" are used herein exclusively to refer to the secular legal embodiment of the Diocese.

The RCB operates on a fiscal year ending June 30. *Id.* ¶ 7.

### B.     Events Leading to the Commencement of the Chapter 11 Case

Until recently, the RCB has maintained financial viability while funding compensation for Abuse victims and continued litigation regarding claims of sexual abuse. In the past 20 years, the RCB has paid approximately $14 million in legal settlements and judgments in an effort to fulfill the RCB's responsibility for abuse of minors by a diocesan priest. This amount does not include attorneys' fees and other costs paid by the RCB or contributions from insurance. *Id.* ¶ 16.

There are currently four Abuse lawsuits still pending against the RCB alleging liability for failure to supervise or prevent childhood sexual abuse. Of those four cases, three cases are in the discovery stage, and one case has not yet been served. No demands have been made in these four cases; however the RCB anticipates the initial demands to be between $2 and $6 million for each case. *Id.* ¶ 17.

### C.     The Reorganization Case

The RCB intends to negotiate a pot plan of reorganization as early as possible which will: (a) allocate the RCB's remaining assets fairly among the legitimate competing interests for such property; (b) provide a process to fully, fairly and expeditiously liquidate claims of Abuse victims; and (c) permit the RCB to carry on the RCB's essential ministries and services so the RCB can continue to meet the needs of the Non-RCB Entities, parishioners, and others who rely on the RCB's ministry, education, and charitable outreach. *Id.* ¶¶ 22 - 27. The Court has appointed a judicial mediator for this case (Docket No. 113), and the Honorable Judge Gregg W. Zive has scheduled an initial mediation session for April 28, 2014 (Docket No. 149).

It is crucial for the plan process that the amount of claims be established as soon as possible. Thus, the Debtor files this Motion so the process for sending notices and filing claims can begin in earnest.

///

///

///

MOTION FOR ORDER: (1) FIXING BAR DATE; (2) APPROVING CLAIM FORMS; AND (3) APPROVING MANNER AND FORM OF NOTICE

## PROPOSED BAR DATES AND PROCEDURES

A. <u>Bar Dates for Filing Proofs of Claim</u>

1. *The General Bar Date*

The Debtor requests that the Court confirm May 22, 2014 ("General Bar Date") as the date by which <u>all</u> entities[4] holding prepetition claims, including prepetition claims entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code, but excluding governmental units[5] and Abuse Claims, must file proofs of claim. The Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines filed at Docket No. 36 set May 22, 2014, as the General Bar Date. The Debtor believes the General Bar Date should remain May 22, 2014, to avoid any confusion.

2. *The Abuse Claim Bar Date*

The Debtor requests that the Court fix August 15, 2014 ("Abuse Claim Bar Date") as the date by which <u>all</u> persons (each an "Abuse Claimant" and collectively, the "Abuse Claimants") asserting Abuse Claims must file proofs of claim. Any person who filed a lawsuit against the Debtor which was pending as of the Petition Date asserting an Abuse Claim must submit an Abuse Proof of Claim Form (defined below) prior to the Abuse Claim Bar Date. As mentioned above, the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines filed at Docket No. 36 set May 22, 2014, as the General Bar Date. The Debtor's proposed Abuse Claim Bar Date would give Abuse Claimants an additional 85 days to file claims.

3. *The Government Bar Date*

The Debtor requests that the Court confirm July 14, 2014 ("Government Bar Date" and, together with the General Bar Date and the Abuse Claim Bar Date, the "Bar Dates") as the date by which <u>all</u> governmental units holding claims against the Debtor (whether secured, unsecured priority or unsecured nonpriority) that arose prior to or on the Petition Date must file proofs of claim. The Government Bar Date is at least 180 days after the Petition Date as required by

---

[4] As used herein, the term "claim" has the meaning given to it in Bankruptcy Code section 101(15).

[5] As used herein, the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27).

Bankruptcy Code section 502(d). The Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines filed at Docket No. 36 set July 14, 2014, as the Government Bar Date. The Debtor believes the Government Bar Date should remain July 14, 2014, to avoid any confusion.

### B. Proposed General Proof of Claim Forms and Claim Procedures

Because the Debtor is requesting the Court to approve a modified proof of claim form similar to those utilized by other diocesan debtors for Abuse Claims, the Debtor has prepared a proof of claim form ("General Proof of Claim Form") which is modified to advise claimants clearly that the General Proof of Claim Form should be used by claimants asserting claims other than Abuse Claims. A copy of the General Proof of Claim Form is attached as Exhibit A to the Exhibit Document filed herewith.

The Debtor proposes to have all General Proofs of Claim which have not already been filed with the Court to be originally executed and actually received on or before the applicable Bar Date by KCC (the "Claims Agent"), the claims agent the Debtor expects will be approved by the Court in this chapter 11 case,[6] at the following address: Roman Catholic Bishop of Stockton Claims Processing KCC, 2335 Alaska Avenue, El Segundo, CA 90245. The proposed Bar Date Order provides that proofs of claim must be mailed or delivered by messenger or overnight courier; proofs of claim sent by facsimile, telecopy, or e-mail will <u>not</u> be accepted.

### C. Proposed Abuse Proof of Claim Forms and Confidentiality Protocol

The Debtor submits that under the circumstances of this case, and especially those relating to the Abuse Claims, a modified proof of claim form similar to those utilized by other diocesan debtors is appropriate in this case. Accordingly, the Debtor has prepared a confidential proof of claim form to be submitted by Abuse Claimants in connection with their Abuse Claims (the "Abuse Proof of Claim Form" and, together with the General Proof of Claim Form, the "Proof of Claim Forms"). A copy of the proposed Abuse Proof of Claim Form is attached as Exhibit B to the Exhibit Document herewith. The information requested in the Abuse Proof of

---

[6] The Debtor has filed a motion to approve KCC as its claims agent at Docket No. 155. The motion is set for hearing on March 26, 2014.

Claim Form is designed to and will assist the Debtor, the Committee, and insurance companies in evaluating Abuse Claims asserted against the Debtor's estate.

In addition, due to the nature of the information being requested in the Abuse Proof of Claim Form, the Debtor seeks approval through this Motion of the following confidentiality protocol:

(1) Potential Abuse Claimants are directed <u>not</u> to file an Abuse Proof of Claim Form with the Court. Instead, all Abuse Proof of Claim Forms must be sent to the Claims Agent in accordance with the procedures set forth in the Abuse Claim Bar Date Notice (defined below).

(2) Abuse Proof of Claim Forms submitted by a potential Abuse Claimant will <u>not</u> be available to the general public, unless a potential Abuse Claimant indicates otherwise on Part 1 of the Abuse Proof of Claim Form.

(3) Notwithstanding the above, Abuse Proof of Claim Forms submitted by a potential Abuse Claimant shall be held and treated as confidential, <u>except</u> to the Debtor, the Debtor's counsel, the Committee's counsel, and upon request, to the United States Trustee and to the following parties and to any additional parties the Committee approves but only after each party agrees to keep the information provided in the Abuse Proof of Claim Forms confidential: (a) insurance companies that provided insurance that may cover the claims described in the Abuse Proof of Claim Forms; (b) any future claims representative appointed under a plan of reorganization or by the Court; (c) the Court appointed mediator and any special arbitrator/claims reviewer appointed to review and resolve the claims of Abuse Claimants; (d) any settlement trustee appointed to administer payments to Abuse Claimants; (e) members of the Committee and their personal counsel (after the Abuse Proof of Claim Form has been redacted to hide the Abuse Claimant's name, address and any other information identified in Part 2(A) of the Abuse Proof of Claim Form); and (f) such other persons as the Court determines should have the information in order to evaluate Abuse Claims.

D. <u>Notice Procedures</u>

In connection with providing notice of the various Bar Dates to all claimants and parties in interest, the Debtor requests approval of the notice procedures outlined below with respect to the mailing and/or publication of the Bar Date Notices (defined below).

1. *Notice of the General and Government Bar Dates*

Within three (3) business days of the entry of the order approving the Motion (the "Bar Date Order"), the Debtor proposes to serve by United States mail, first-class postage prepaid upon: (a) all known entities holding potential prepetition claims against the Debtor and their counsel (if known); (b) all parties that have requested special notice in this case; and (c) the United States Trustee, the following documents: (i) notice of the General Bar Date

and the Government Bar Date substantially in the form attached as Exhibit C to the Exhibit Document filed herewith and incorporated herein by reference (the "General Bar Date Notice"); and (ii) a copy of a General Proof of Claim Form.

The following claims are excepted from the provisions of the Bar Date Order and are <u>not</u> required to be filed on or before the Bar Dates:

    a.    any person or entity that has already properly filed a proof of claim against the Debtor with the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of California;

    b.    any person or entity: (i) whose claim is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," <u>and</u> (iii) which does not dispute the amount or classification of its claim as set forth in the Schedules;

    c.    professionals retained pursuant to orders of this Court who assert administrative claims for payment of fees and expenses subject to the Court's approval pursuant to sections 330, 331(a) and 503(b) of the Bankruptcy Code;

    d.    any person or entity that asserts an administrative expense claim against the Debtor pursuant to sections 503(b)(1) through (8) of the Bankruptcy Code; and

    e.    any person or entity whose claim has been paid in full.

    2.    *Notice of the Abuse Claim Bar Date*

Within three (3) business days of the entry of the Bar Date Order, the Debtor proposes to serve by United States mail, first-class postage prepaid: (i) notice of the Abuse Claim Bar Date substantially in the form attached as Exhibit D to the Exhibit Document filed herewith and incorporated herein by reference (the "Abuse Claim Bar Date Notice"); and (ii) a copy of the Abuse Proof of Claim Form upon all known Abuse Claimants and their counsel (if known). In addition, the RCB will mail a copy of the Abuse Claim Bar Date Notice to each

///

///

///

household on the current mailing list of each parish as well as to the alumni list for any parish schools which permit the RCB to mail that notice to their alumni.

3.　　*Publication Notice*

The Debtor also will make the Abuse Claim Bar Date Notice and the General Claim Bar Date Notice available to the public in the following manner, which is similar to the manner in which notice of the abuse claim bar date has been provided in other diocesan bankruptcy cases.

First, the Debtor will post a copy of the General Bar Date Notice and General Proof of Claim as well as a copy of the Abuse Claim Bar Date Notice and the Abuse Proof of Claim on the websites of the Debtor, the Debtor's counsel, the KCC website established for this case, and any website created by the Committee or its counsel for this case. The Debtor also will attempt to post the Abuse Claim Bar Date Notice on the website of the Survivors Network of those Abused by Priests and any other websites for victim advocacy groups that will allow the Debtor to publish the Abuse Claim Bar Date Notice.

Second, the Debtor will cause a copy of the notice attached as Exhibit E to the Exhibit Document (the "Publication Notice"), no smaller than a 1/8 page advertisement in each newspaper listed in (a) through (d) below, to be published as follows:

(a)　　Once in English in the national edition of *USA Today*, on the first available date reasonably practical after entry of the Bar Date Order;

(b)　　Twice each, in English, in the following daily newspapers: *Fresno Bee*; *Lodi News-Sentinel*; *Los Angeles Times*; *Manteca Bulletin*; *Modesto Bee*; *Sacramento Bee*; *San Francisco Chronicle*; *San Jose Mercury News*; *Sonora Union Democrat; Stockton Record;* and *Tracy Press*, first on the first available date reasonably practical after entry of the Bar Date Order and second, one month prior to the expiration of the Abuse Claim Bar Date;

(c)　　Twice each, in English, in the following bi-weekly or weekly newspapers: *Calaveras Enterprise*; *Ceres Courier*; *Linden Herald*; *Mammoth Times*; *Oakdale Leader*; *Patterson Irrigator*; *Ripon Record*; *Riverbank News*; *Turlock Journal*; *Valley Springs News;* and *West Side Index*, first on the first available date reasonably practical after entry of the Bar

Date Order and second, one month prior to the expiration of the Abuse Claim Bar Date; and

　　　　(d)　　Twice each, in Spanish, in the *Bilingual Weekly* and *Vida en el Valle*, first on the first available date reasonably practical after entry of the Bar Date Order and second, one month prior to the expiration of the Abuse Claim Bar Date.

The publications listed in (b) – (d), above, have been chosen because they represent the newspapers which are published within the Diocese as well as in surrounding dioceses in which unknown Abuse Claimants may reside. Davis Decl. ¶ 5-8.

　　　　Third, the Debtor will cause an announcement to be placed bi-weekly from the first available date after entry of the Bar Date Order until the Abuse Claim Bar Date in the bulletins produced by the parishes and missions located within the geographic territory of the Diocese, in the language in which the Mass is conducted (English, Spanish, Portuguese, Vietnamese or Laotian).

　　　　Fourth, the Debtor will request each Parish and mission to post a flyer announcing the Abuse Claim Bar Date in a prominent location for at least six weeks prior to the Abuse Claim Bar Date.

　　　　Finally, the RCB will issue a nationwide press release through Business Wire, or some other service, as soon as possible after the entry of the Bar Date Order.

## LEGAL ARGUMENT

**A.　　The Proposed Bar Dates for Filing Proofs of Claim Are Appropriate.**

　　　　In a Chapter 11 case, any creditor who asserts a claim against the debtor that arose prior to the petition date, and whose claim is not scheduled in the debtor's schedules of assets and liabilities or whose claim is listed on such schedules as disputed, contingent, or unliquidated, must file a proof of claim, failing which such creditor shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution. *See* 11 U.S.C. §§ 1111(a) and 501(a); Fed. R. Bankr. P. 3003(c).

　　　　Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Fed. R. Bankr. P. 3003(c)(3). The court has discretion to "fix any period of time which provides

creditors or equity security holders a reasonable time for filing [a proof of claim or interest]." *In re Thompson McKinnon Sec., Inc.*, 125 B.R. 88, 92 (Bankr. S.D.N.Y. 1991). Under Bankruptcy Rule 3002(c)(1), a "governmental unit" has up to 180 days after the Petition Date to timely file a proof of claim.

The Debtor submits that the proposed Bar Dates will provide potential claimants with an adequate amount of time after the mailing of the Bar Dates (as set forth above) and publication of the Publication Notice within which to review the Schedules, compare the information contained therein with their own books and records and, if necessary, prepare and file proofs of claim. This includes governmental units that will receive the mandatory 180 days after the Petition Date required by Bankruptcy Rule 3002(c)(1) to file a proof of claim.

The establishment of the proposed Bar Dates is essential for this bankruptcy case to progress. Absent a bar date, a Chapter 11 case could not be administered to a conclusion because there would not be a deadline limiting the filing of claims and for voting on a plan of reorganization. *See In re Waterman*, 59 B.R. 724, 726 (Bankr. S.D.N.Y. 1986); *In re Pettibone Corp.*, 123 B.R. 304, 308 (Bankr. N.D. Ill. 1990) ("A bar date in a reorganization case provides a mechanism by which a trustee in bankruptcy can estimate the potential liabilities of the debtor.") (citing *In re Chicago, Rock Island & Pacific Railroad Co.*, 788 F.2d 1280, 1281 (7th Cir. 1986). Here, the Debtor cannot effectively negotiate and prepare a plan of reorganization until the extent of the claims against it has been fixed.

**B.     The Abuse Proof of Claim Form and Confidentiality Protocol Should Be Approved.**

It is well established that the Court has the authority to authorize the modification of Official Bankruptcy Form B10. *See In re A.H. Robins Co.*, 862 F.2d 1092 (4th Cir. 1988); *In re Eagle-Picher Indus., Inc.*, 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993). While Bankruptcy Rule 3001(a) provides that "[a] proof of claim shall conform substantially to the appropriate Official Form," Bankruptcy Rule 9009 authorizes appropriate and necessary alterations to the Official Forms:

[T]he Official Forms prescribed by the Judicial Conference of the United States

1 2 3    shall be observed and used *with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use.* The Director of the Administrative Office of the United States Courts may issue additional forms under the Code. The forms shall be construed to be consistent with these rules and the Code.

Fed. R. Bankr. P. 9009 (emphasis supplied); *see also In re I.G. Servs., Ltd.*, 244 B.R. 377, 384 (Bankr. W.D. Tex. 2000) (citing *A.H. Robins Co.* and noting that proof of claim forms which deviate from the Official Proof of Claim Form 10 may be used when special circumstances exist). Further, in *A.H. Robins*, the court recognized that substantial alteration to Official Proof of Claim Form 10 may be necessary when dealing with abuse claims. *See A.H. Robins*, 862 F.2d at 1095-96.

Additionally, similar forms have been approved in other diocesan cases in connection with the assertion of claims arising out of sexual abuse. *See, e.g., In re Archdiocese of Milwaukee*, Case No. 11-20059 (Bankr. E. D. Wis. Jul. 14, 2011) (Dkt. No. 331); *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560 (Bankr. D. Del. Feb. 1, 2010) (Dkt. No. 308); *In re Roman Catholic Church of The Diocese of Tucson*, Case No. 04-04721 (Bankr. D. Ariz. Nov. 5, 2004) (Dkt. No. 118); *In re Catholic Bishop of N. Alaska*, Case No. 08-00110 (Bankr D. Alaska May 30, 2008) (Dkt. No. 180); *In re The Diocese of Davenport*, Case No. 06-02229 (Bankr. S.D. Iowa Mar. 16, 2007) (Dkt. No. 97); *In re The Roman Catholic Bishop of San Diego*, Case No. 07-00939 (Bankr. S.D. Cal. Aug. 20, 2007) (Dkt. No. 1061).

Here, the special proposed Abuse Proof of Claim Form is necessary and appropriate in this case. In order to facilitate negotiations toward a consensual plan, it is important that the Debtor and others who are given access to the submitted Abuse Claims know the basic information related to the Abuse Claims as early as possible. The proposed Abuse Proof of Claim Form is designed to ensure Abuse Claimants provide necessary information relating to their Abuse Claim in such a way as to allow the Debtor to determine the nature, extent and validity of the Abuse Claims being asserted against it while being sensitive to the special issues for the holders of Abuse Claims related to the information sought. Finally, the Debtor has circulated this Motion and the proposed forms to counsel for the Committee and the U.S. Trustee and incorporated all comments from them.

### C. The Proposed Notice of the Bar Dates Should Be Approved.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

> [A]n unknown creditor – that is, a creditor whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]," *Mullane*, 339 U.S. at 317 – has no such entitlement to actual notice, although such creditors remain entitled to notice reasonably calculated under the circumstances to reach them, *see id.* at 314-318; *see also In re State Line Hotel, Inc.*, 323 B.R. 703, 713 (B.A.P. 9th Cir. 2005).

*Wand v. Roman Catholic Archbishop of Portland in Oregon*, 2010 U.S. Dist. LEXIS 141181, *13 (D. Or. Dec. 1, 2010) (analyzing publication notice to an abuse claimant who knew of his claims prior to the claims bar date).

Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Bankruptcy Rule 9008 provides that "[w]henever these rules require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications."

As stated, the purpose of this bankruptcy case is to, among other things, provide for a framework by which victims of abuse are fairly, justly and equitably compensated. In order to accomplish that, and given the nature of the injury which in many instances is not disclosed by the victim, the Debtor proposes to give the broadest possible notice of the bar date. Pursuant to Bankruptcy Rule 2007(a)(7), the Debtor proposes forms of Bar Date Notices for all creditors. *See* General Bar Date Notice and Abuse Claim Bar Date Notice attached as Exhibits C and D, respectively, to the Exhibit Document filed herewith. The Debtor will send the Bar Date Notices and appropriate proof of claim form to all creditors and others entitled to receive notice pursuant to Bankruptcy Rule 2002(a)(7).

In addition, because of the nature of the Abuse Claims, the Debtor requests that the Court

approve the Publication Notice and the manner for publication of that notice as set forth in this Motion. The Debtor believes that the notice procedures which the Debtor requests the Court to approve are fair and reasonable and will provide good, sufficient and due notice to known and unknown claimants of their rights and obligations in connection with claims they may assert against the Debtor's estate in this bankruptcy case. In addition, the interests of future claimants will be protected by the Future Claims Representative that the Debtor will request the Court appoint pursuant to separate motion. Finally, the Debtor has circulated this Motion and the proposed forms to counsel for the Committee and the UST and incorporated all comments from them.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order:

1. Establishing a General Bar Date of May 22, 2014; an Abuse Claim Bar Date of August 15, 2014; and a Government Bar Date of July 14, 2014;

2. Approving the proposed Abuse Proof of Claim Form and the General Proof of Claim Form;

3. Approving the proposed procedures for maintaining the confidentiality of proofs of claim filed in connection with Abuse Claims as set forth in the Motion;

4. Approving the form of the General Bar Date Notice; Abuse Claims Bar Date Notice and Publication Notice;

5. Approving the proposed procedure for giving notice of the Bar Dates as proposed by the RCB in the Motion; and

6. Granting such other relief as the Court deems just and proper under the circumstances.

Dated: March 26, 2014

                FELDERSTEIN FITZGERALD
                WILLOUGHBY & PASCUZZI LLP

                By */s/ Paul J. Pascuzzi*
                   PAUL J. PASCUZZI
                   Attorneys for Debtor and Debtor-In-Possession