1 JAMES I. STANG (SBN 94435)
ROBERT B. ORGEL (SBN 101875)
2 GILLIAN N. BROWN (SBN 205132)
PACHULSKI STANG ZIEHL & JONES LLP
3 10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
4 Telephone: 310/277-6910
Facsimile: 310/201-0760
5 E-mail: jstang@pszjlaw.com
rorgel@pszjlaw.com
6 gbrown@pszjlaw.com

7 Counsel for The Official Committee of Unsecured Creditors
of The Roman Catholic Bishop of Stockton

8

UNITED STATES BANKRUPTCY COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

SACRAMENTO

11

12 In re:      Case No.: 14-20371-C-11

13 THE ROMAN CATHOLIC BISHOP OF      Chapter 11
STOCKTON, a California corporation sole,

**DCN: FWP-10**

14      Debtor-In-Possession.

15 **LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S MOTION FOR ORDER: (1)**

16 **FIXING TIME FOR FILING PROOFS OF CLAIM; (2) APPROVING CLAIM**

17 **FORMS; AND (3) APPROVING MANNER AND FORM OF NOTICE**

18

19 Date: May 1, 2014
Time: 10:00 a.m.
20 Judge: Hon. Christopher M. Klein
Place: Courtroom 35
21          501 I Street, 6th Floor
Sacramento, CA

22

23

24      The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-

25 captioned case (the "Case") of The Roman Catholic Bishop of Stockton (the "Diocese" or the

26 "Debtor"), hereby submits this *Limited Objection* (the "Limited Objection") *of the Official*

27 *Committee of Unsecured Creditors to Debtor's Motion for Order: (1) Fixing Time for Filing Proofs*

28

1

DOCS_NY:31067.1 14012-002
DOCS_NY:31148.3

*of Claim; (2) Approving Claim Forms; and (3) Approving Manner and Form of Notice* (the "Bar

Date Motion").  The Debtor has filed two related motions: the Bar Date Motion to establish bar dates

for general and sexual abuse claims; and the Debtor's motion seeking the appointment of a future

claims representative for certain creditors and claims (the "FCR Motion").  The FCR Motion and

Bar Date Motion both address and define sexual abuse claims.  Subject to this Limited Objection, the

Committee does not oppose the Bar Date Motion.  In support of its Limited Objection, the

Committee respectfully states as follows:

## LIMITED OBJECTION

**A.      This Bar Date Motion Should be Granted Only if the FCR Motion Simultaneously Is Granted.**

The Committee believes that certain persons with sexual abuse claims should not lose their

right to a remedy due to failure to file a proof of sexual abuse claim by any bar date to be set in this

case (*e.g.*, persons under 26 when the applicable bar date notice is provided and persons who at that

time are unable to recall the sexual abuse of them or are unable to make the connection between that

sexual abuse and their damage or injuries).  The FCR Motion addresses the Committee's concern by

providing that a future claims representative would be appointed to file a sexual abuse claim for such

persons.  Absent the simultaneous granting of the FCR Motion, the Committee objects to the relief

sought by the Bar Date Motion because the persons that the FCR Motion is intended to protect could

not reasonably be expected to file a claim by any presently set bar date.

**B.      The Forms of Notice and the Sexual Abuse Proof of Claim Form Need Modification as to Filing Under Seal and for Clarity, Consistency and Accuracy; and They and the Order Hereon Need to Use a Consistent Definition for "Sexual Abuse."**

As set forth below, the sexual abuse proofs of claim should be filed under seal.  The related

notice and proof of claim form should be correspondingly revised to so reflect.  Additionally, the

Debtor, undoubtedly inadvertently, was not consistent in how it defined sexual abuse in its FCR

DOCS_NY:31067.1  14012-002
DOCS_NY:31148.3

1  Motion, Bar Date Motion and the exhibits to the Bar Date Motion (a proof of claim form and two

2  proposed notices).  Also, the Debtor did not ensure that the term was defined in each relevant

3  document.  For these reasons and to ensure clarity, consistency and accuracy, the bar date notices

4  and proof of claim form require modifications.

5       Simultaneously with the filing hereof, the Committee is filing its *Exhibits To Limited*

6  *Objection Of The Official Committee Of Unsecured Creditors To Debtor's Motion For Order: (1)*

7  *Fixing Time For Filing Proofs Of Claim; (2) Approving Claim Forms; And (3) Approving Manner*

8  *And Form Of Notice* (the "Committee Exhibits"), which contain clean copies of all these documents

9  and redlines against the Debtor's versions that reflect the Committee's proposed modifications.[1]

10  The Committee Exhibits are as follows:

11       a.   The Sexual Abuse Proof of Claim Form (the "Sexual Abuse POC"):  This is

12            Exhibit A (clean) and Exhibit D (redline) to the Committee Exhibits and was

13            Exhibit B to the Bar Date Motion;

14       b.   The Notice of Bar Dates for Filing of General Proofs of Claim (the "General Bar

15            Date Notice"):  This is Exhibit B (clean) and Exhibit E (redline) to the Committee

16            Exhibits and was Exhibit C to the Bar Date Motion; and

17       c.   Notice of Bar Date for Filing of Sexual Abuse Proofs of Claim (the "Sexual

18            Abuse Bar Date Notice"): This is Exhibit C (clean) and Exhibit F (redline) to the

19            Committee Exhibits and was Exhibit D to the Bar Date Motion.

20       The Committee Exhibits, incorporated herein by this reference, contain important changes

21  that are needed for the proof of claim form and notices, which, generally, are described as follows:

---

[1] The Committee shared a draft of its proposed changes with the Debtor, but the Debtor did not specifically respond to the proposed changes before the deadline to object to the Motion.  The Committee is hopeful of reaching agreement with the Debtor on the forms of these documents prior to the hearing on the Motion.

3

1        1.        The Debtor should modify the definitions of "Sexual Abuse," "Sexual

2   Abuse Claim" and "Sexual Abuse Claimant" and place them prominently in the proof of claim form

3   and notices.  There is no reason for the term, "Sexual Abuse," to be defined differently for purposes

4   of the Bar Date Motion and FCR Motion. Whatever claims are to be defined as being for "Sexual

5   Abuse" for purposes of getting a later bar date under the Bar Date Motion should be the same type of

6   claims which the future claims representative can file for certain specified persons.  Thus, the

7   definitions need to be consistent throughout the Sexual Abuse Bar Date Notice, General Bar Date

8   Notice, and Sexual Abuse POC, as well as the order on the Bar Date Motion and the order on the

9   related FCR Motion. Also, to ensure creditors know which bar date applies to their claims, these

10  definitions need to be placed prominently or clearly referenced in the Sexual Abuse POC and the

11  Sexual Abuse Bar Date Notice.  The Committee's proposed definition is reflected on line 4.a. of the

12  introduction to the Sexual Abuse POC, and page 2 of the Sexual Abuse Bar Date Notice.  (The

13  Committee's definition is similar to the definition used by the Debtor in its Sexual Abuse Bar Date

14  Notice.) Similarly, the documents should use a consistent defined term and avoid switching between

15  the terms "Abuse" and "Sexual Abuse," since such switching of terminology is confusing.

16        2.        The Debtor should use the term "Deadline" as opposed to "Bar Date."

17  Many of the creditors and claimants in this Case are likely to be lay people who are unlikely to be

18  familiar with the term of art "Bar Date."  The term "Deadline" is more likely to make it clear that

19  there is a date certain by which parties must assert claims.

20        3.        The provisions for filing under seal sexual abuse claims should be

21  indicated in the Sexual Abuse Bar Date Notice and in the Sexual Abuse POC.

**C.        The Debtor Should Implement Reasonable
Procedures for the Filing of Sexual Abuse Claims Under Seal**

The Committee understands that the Court requires that all Sexual Abuse POCs be filed with

the Court, rather than directly with the Debtor's claims agent as the Bar Date Motion proposes.  As a

4

result, the Committee alternatively proposes that procedures be implemented, in consultation with

the Clerk's Office, to assure that all Sexual Abuse POC's are filed under seal and shared only with

Permitted Parties (as defined in the Bar Date Motion). The Committee is presently sharing its

specific suggestions and views with the Debtor, has an understanding that the Debtor agrees in

concept, and that the Debtor is reaching out to the Clerk's office. The Committee reserves its rights

to object or respond to any confidentiality procedures that may be proposed.

**D.      The Sexual Abuse Claim to be Filed by the Future Claims Representative Should
be Expressly Excepted from the Effect of the Order Approving the Bar Date Motion.**

Although the Debtor's filing of the FCR Motion appears to reflects its intention that the

future claims representative will be able to file a proof of claim for sexual abuse claims of those he

represents, the Committee urges that the Court provide in its order approving the Bar Date Motion

express language clarifying that the bar dates being set do not apply to any proof of claim to be filed

by the future claims representative.

Dated: April 16, 2014                    PACHULSKI STANG ZIEHL & JONES LLP


                                         By: */s/ Robert B. Orgel*_____
                                             James I. Stang
                                             Robert B. Orgel
                                             Gillian N. Brown

                                             Counsel for The Official Committee of Unsecured
                                             Creditors of The Roman Catholic Bishop of
                                             Stockton

5

DOCS_NY:31067.1 14012-002
DOCS_NY:31148.3