STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for The Roman Catholic Bishop of Stockton,
a California corporation sole

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF STOCKTON, a California corporation sole,<br><br>Debtor-In-Possession. | CASE NO. 14-20371-C-11<br><br>DCN: FWP-26<br><br>**Confirmation Hearing:**<br><br>Date: December 20, 2016<br>Time: 1:30 p.m.<br>Courtroom: 35<br>501 I Street, 6th Floor<br>Sacramento, CA |

**NOTICE OF (A) APPROVAL OF THE DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION; (B) ESTABLISHMENT OF PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN; (C) APPROVAL OF THE FORM OF BALLOTS AND THE INCLUSION OF THE RELEASES AND CERTIFICATIONS THEREIN; (D) APPROVAL OF THE FORM AND MANNER OF NOTICE OF THE INSURANCE SETTLEMENT AGREEMENT AND THE PARTICIPATING PARTY AGREEMENT; AND (E) CONFIRMATION HEARING**

**PLEASE TAKE NOTICE THAT:**

1. On October 26, 2016, the Roman Catholic Bishop of Stockton (the "**Debtor**"), the Debtor and Debtor-in-possession in the above-captioned Chapter 11 reorganization case (the "**Reorganization Case**"), filed "Debtor's Plan of Reorganization Dated October 26, 2016" [Dkt. No. 757] (the "**Plan**") and a "Disclosure Statement to Accompany Debtor's Plan of Reorganization Dated October 26, 2016" [Dkt. No. 761] (as such disclosure statement may be amended, the "**Disclosure Statement**"), pursuant to Section 1125 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. After a hearing (the "**Disclosure Statement Hearing**") held on October 25, 2016, the Court entered an order approving the Disclosure Statement and the Debtor's solicitation procedures (the "Disclosure Statement Order"), in accordance with which you are receiving a copy of the Disclosure Statement and the Plan and certain other materials relating to the solicitation of votes to accept or reject the Plan.

3. A hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan and related matters will be held at: 1:30 p.m. on December 20, 2016 before the Honorable Christopher M. Klein, United States Bankruptcy Judge, 501 I Street, Courtroom 35, Sacramento, California 95814. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing, and the Plan may be modified, if necessary, pursuant to Bankruptcy Code § 1127 prior to, during or as a result of the Confirmation Hearing, without further notice to interested parties.

4. If you hold a Claim[1] against the Debtor and are entitled to vote to accept or reject the Plan, you have received with this Notice a Ballot and voting instructions appropriate for your Claim. For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot, execute the Ballot as noted in the Ballot, and return the completed Ballot to the Debtor so that it is received no later than 4:00 p.m. (prevailing Pacific Time) on December 6, 2016. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote. The Debtor must file a Ballot Report with the Court no later than December 13, 2016.

5. Holders of (i) unimpaired Claims and (ii) Claims who will receive no distribution from the Debtor under the Plan are not entitled to vote on the Plan and, therefore, received a Notice of Non-Voting Status rather than a Ballot. In addition, unless otherwise set forth in an objection to a Claim, Claims that are the subject of an objection are not entitled to vote on the Plan and, therefore, did not receive a Ballot. Other than Tort Claims (classification of which were subject to a separate motion), if you disagree with the classification of, or objection to, your

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Claim and believe that you should be entitled to vote on the Plan, then you must (i) have timely filed a Proof of Claim by the applicable Bar Date and (ii) serve on the Debtor and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") temporarily allowing such Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before on or before November 22, 2016, and set such motion for hearing on December 22, 2016, at 1:30 p.m. so the matter may be heard at the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing. Creditors may contact the Debtor to receive a Ballot for any Claim for which a Proof of Claim and a Rule 3018(a) Motion have been timely filed. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

6. The funds contributed through the Insurance Settlement Agreement and Participating Party Agreement, along with additional funds to be contributed by the Debtor, will be paid to the Trust under the Plan. The Plan also provides that all Tort Claims against the Debtor, Diocese Parties, Settling Insurers, and Participating Parties will be channeled to the Trust, meaning that the Trust will be the sole and exclusive source of payment for any such Claims against the Debtor, Diocese Parties, Settling Insurers, and Participating Parties. As part of the Plan, the Debtor will seek a finding that the **Settling Insurers and Participating Parties are entitled to the benefit of entry of an Order permanently enjoining and barring all Claims by any Person or Entity against the Settling Insurers and Participating Parties as well as the Debtor, and releasing the Settling Insurers and Participating Parties from any further liability, relating to Tort Claim Interests (as specifically defined in the Plan, which includes Claims related to sexual abuse and insurance coverage for such Claims) as part of the Plan, the confirmation of which is a condition of the Insurance Settlement Agreement and Participating Party Agreement. The Class 12, 13, 14 and 15 Ballots contain a consent to such releases and injunctions. The Class 12, 13, 14 and 15 Ballots also contain a consent to have Claims determined pursuant to the Allocation Protocol by the Abuse Claims Reviewer.**

7. Objections, if any, to the confirmation of the Plan, the Insurance Settlement Agreements, or the Participating Party Agreements must (i) be in writing, (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of each objection to confirmation of the Plan, and (iv) be filed, together with proof of service, with the Court and served so that they are received no later than 4:00 p.m. (prevailing Pacific Time) on December 6, 2016, by (a) counsel for the Debtor, Felderstein Fitzgerald Willoughby & Pascuzzi LLP, 400 Capitol Mall, Suite 1750, Sacramento, California 95814, Attn: Paul J. Pascuzzi; (b) counsel for the Committee, Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4003, Attn: James Stang; (c) the Office of the United States Trustee, 501 I Street, Room 7-500, Sacramento, CA 95814, Attn: Allen G. Massey; and (d) counsel for St. Paul Fire and Marine Insurance Company, Drinker Biddle & Reath LLP, 600 Campus Drive, Florham Park, New Jersey 07932, Attn: Robert M. Vinci and Michael P. Pompeo. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

8. Any holder of a Claim that (i) is scheduled in the Debtor's Schedules at $0.00 or in an unknown amount or as disputed, Contingent, or unliquidated, and is not the subject of a timely filed Proof of Claim or a Proof of Claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court or otherwise deemed timely filed under applicable law or (ii) is not scheduled and is not the subject of a timely filed Proof of Claim or a Proof of Claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or any order of the Court or otherwise deemed timely filed under applicable law, shall not be treated as a creditor with respect to such Claim for purposes of (a) receiving notices regarding, or distributions under, the Plan or (b) voting on the Plan.

9. Any party in interest wishing to obtain (i) information about the solicitation procedures or (ii) copies of the Disclosure Statement or the Plan should contact the counsel to the

///

///

///

1 Debtor or visit the official website of the Committee at www.pszjlaw.com (Creditor Sites Tab).

2 Dated: October 31, 2016　　　　　　　FELDERSTEIN FITZGERALD
　　　　　　　　　　　　　　　　　　　　　WILLOUGHBY & PASCUZZI LLP

　　　　　　　　　　　　　　　　　　　By */s/ Paul J. Pascuzzi*
　　　　　　　　　　　　　　　　　　　　PAUL J. PASCUZZI
　　　　　　　　　　　　　　　　　　　　Attorneys for The Roman Catholic Bishop of Stockton

-5-　NOTICE OF APPROVAL OF DISCLOSURE STAEMENT AND CONFIRMATION HEARING