MATTHEW K. BABCOCK, CPA/CFF, CFE, CIRA
BERKELEY RESEARCH GROUP, LLC
201 South Main Street, Suite 450
Salt Lake City, UT  84111
Telephone:  801-364-6233
Facsimile:  801-355-9926
E-mail:   mbabcock@thinkbrg.com

Financial Advisor to the Official Committee
of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO**

| | |
|---|---|
| In re: | Case No.: 14-20371-C-11 |
| THE ROMAN CATHOLIC BISHOP OF STOCKTON, a California corporation sole, | DCN:  PSZ-012 |
| | Chapter 11 |
| Debtor and Debtor-in-Possession. | Date:   April 18, 2017<br>Time:   10:30 a.m.<br>Place:  Courtroom 35<br>          501 I Street, 6th Floor<br>          Sacramento, CA<br>Judge: Hon. Christopher M. Klein |

**THIRD AND FINAL APPLICATION OF BERKELEY RESEARCH GROUP, LLC,**
**ACCOUNTANT AND FINANCIAL ADVISOR TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**FOR FINAL APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Berkeley Research Group, LLC ("BRG"), accountant and financial advisor to the Official

Committee of Unsecured Creditors (the "Committee"), hereby submits its third and final

application (the "Final Application") for allowance and payment of fees and reimbursement of

expenses for the period of May 4, 2014 through February 14, 2017 (the "Case Period"), subject to

the Professional Fee Cap, more fully described below. In support of the Application, BRG

respectfully represents as follows:

**CASE PERIOD: MAY 4, 2014 THROUGH FEBRUARY 14, 2017**

| | | |
|---|---|---|
| Fees Sought For Case Period: | $ | 57,182.00 |
| Expenses Sought For Case Period: | $ | 43.92 |

**Total Sought For Approval For Case Period:**    $    **57,225.92**

Already Paid From Interim Applications:          $      35,156.42

Unpaid Balance Sought For Current Payment:       $      22,069.50[1]

This Final Application seeks final approval of the fees and expenses previously approved on an interim basis, including approval and payment of held back amounts, and approval and payment of all of the fees and expenses incurred for Third Fee Period (defined and described below).

*Prior Interim Applications*

As more fully described below, BRG previously filed and had approved two prior interim fee applications, which, collectively, sought fees and expenses for the period from the inception of the case through December 31, 2015. The Court authorized payment of 100% of expenses for both prior fee applications and authorized payment of 100% of fees sought by the first interim application and 70% of fees sought by the second interim application.

More specifically, on February 4, 2015, BRG filed its first interim application seeking $10,287.00 in fees and $34.48 in expenses incurred from May 4, 2014 through December 31, 2014 (the "First Interim Application" - Docket No. 395). BRG incorporates by reference its First Interim Application herein. On March 6, 2015, the Court entered its order in respect of the First Interim Application (Docket Number 435), awarding BRG $10,287.00 in full payment of its fees and $34.48 in full payment of its expenses. The Debtor paid $10,321.48 to BRG in respect of the First Interim Application.

On February 10, 2016, BRG filed its second interim application seeking $35,465.00 in fees and $9.44 in expenses incurred from January 1, 2015 through December 31, 2015 (the "Second Interim Application" - Docket No. 550). BRG incorporates by reference its Second Interim Application herein. On March 9, 2016, the Court entered its order in respect of BRG's Second Interim Application (Docket No. 599), awarding BRG $24,825.00 as an interim award of 70% of its requested fees and $9.44 in full payment of its expenses. The Debtor paid $24,834.94 to BRG in respect of the Second Interim Application, resulting in an unpaid balance of $10,639.50.

---

[1] The total amount sought is subject to the "Professional Fee Cap," applicable only to BRG's fees and expenses incurred from April 19, 2016 through February 14, 2017, as more fully described herein.

Pursuant to this Final Application, in addition to final allowance and full payment of the fees and expenses incurred in the Third Fee Period, BRG seeks final approval of both (a) the fees and expenses previously allowed on an interim basis with respect to the First Interim Application and the Second Interim Application, and (b) the withheld fees due on account of the Second Interim Application. Thus, included in the amount that BRG seeks for the Case Period are the following amounts sought by the First Interim Application and the Second Interim Application, collectively:

| | | |
|---|---|---|
| Fees Sought By Interim Applications: | $ | 45,752.00 |
| Expenses Sought By Interim Applications: | $ | 43.92 |
| **Total Sought By Interim Applications:** | **$** | **45,795.92** |
| Already Paid From Interim Applications: | $ | 35,156.42 |
| **Unpaid Balance From Interim Applications:** | **$** | **10,639.50** |

*Third Fee Period*

The prior interim applications do not cover the time period from January 1, 2016 through February 14, 2017 (the "Third Fee Period"). This Final Application includes a detailed narrative as to the services of BRG during the Third Fee Period. As to the Third Fee Period, BRG seeks final allowance and payment of the following amounts, subject to the Professional Fee Cap:

| | | |
|---|---|---|
| Fees Sought For Third Fee Period: | $ | 11,430.00 |
| Expenses Sought For Third Fee Period: | $ | 0.00 |
| **Total Sought / Unpaid For Third Fee Period:** | **$** | **11,430.00** |

A portion of the amount sought by BRG for the Third Fee Period is expected to be reduced based on the "Professional Fee Cap" agreed to in connection with the confirmed plan in this case.[2] Together, the $11,430.00 sought for payment from the Third Fee Period and the $10,639.50 sought for payment of amounts withheld from the first two interim fee applications make up the total now sought for payment by BRG of $22,069.50, as set forth above.

---

[2] The amount sought for the Third Fee Period is subject to the "Professional Fee Cap," applicable only to BRG's fees and expenses incurred for a portion of such period (from April 19, 2016 through February 14, 2017), as more fully described herein. Of the total $11,430.00 being sought, $7,470 is subject to the "Professional Fee Cap."

**I.**

**RELEVANT FACTS: RETENTION OF BRG; APPLICATION OF BLENDED HOURLY**

**RATE CAP; AND PLAN'S PROFESSIONAL FEE CAP**

1.      On January 15, 2014, The Roman Catholic Bishop of Stockton (the "Debtor"), filed a voluntary petition under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et al. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this bankruptcy case.

2.      On February 11, 2014, the United States Trustee appointed the Committee.

3.      On March 21, 2014, the Court entered its Order authorizing the Committee's retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel ("Committee Counsel"). *See* Doc. 193.

4.      On June 24, 2014, the Committee filed an application for entry of an order to employ BRG as its accountant and financial advisor. *See Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing and Approving the Employment of Berkeley Research Group, LLC as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors.* Doc. 287.

5.      On June 25, 2014, the Court approved the Committee's retention of BRG as financial advisor to the Committee. *See Order Granting Application of the Official Committee of Unsecured Creditors Pursuant to Fed. R. Bankr. P. 2014 for Entry of an Order Authorizing and Approving the Employment of Berkeley Research Group, LLC as Accountant and Financial Advisor to the Official Committee of Unsecured Creditors.* Doc. 293.

6.      On February 4, 2015, BRG filed its First Interim Application seeking $10,287.00 in fees and $34.48 in expenses incurred from May 4, 2014 through December 31, 2014 (Docket No. 395). On March 6, 2015, the Court entered its order awarding BRG $10,287.00 as an interim award of 100% of its requested fees and $34.48 in full payment of its expenses in respect of BRG's First Interim Application (Docket No. 435). BRG has been paid $10,321.48 related to its first interim fee application.

7.    On February 10, 2016, BRG filed its Second Interim Application seeking $35,465.00 in fees and $9.44 in expenses incurred from January 1, 2015 through December 31, 2015 (Docket No. 550). On March 9, 2016, the Court entered its order awarding BRG $24,825.00 as an interim award of 70% of its requested fees and $9.44 in full payment of its expenses in respect of BRG's Second Interim Application (Docket No. 599). BRG has been paid $24,834.94 related to its second interim fee application, leaving an outstanding balance of $10,639.50.

8.    During the Third Fee Period, BRG billed 25.4 hours. BRG's professional's hours during the Third Fee Period would result in a total fee request of $11,430.00 under the lodestar approach (multiplying hours worked by the applicable hourly rate for each professional (the "Lodestar Calculation"). Based on BRG's extensive experience in bankruptcy matters and specifically with Church-related chapter 11 bankruptcy filings in the United States, BRG's specialized skill set and services provided benefit in this matter. As a result, BRG believes that the amounts sought by the Final Application are reasonable and just. Of note, due to the Professional Fee Cap, BRG's fees are likely to be discounted in payment by the Debtor.

9.    February 14, 2017 (the "Effective Date") is the effective date of the Debtor's Plan of Reorganization Dated October 26, 2016 (Docket No. 846). BRG has agreed, and the Plan provides, that all of the Debtors' and Committees' professionals would cap their compensation collectively at $350,000 for the period from April 19, 2016 through the Plan Effective Date of February 14, 2017, which $350,000 is to be *pro-rated* among them based on this Court's awards to them for such period. More specifically:

a.    Under the Plan, at p. 22 , the "Professional Fee Cap" is defined as a cap of $350,000 applying to the fees of the professionals of the Debtor and Committee for the period of April 19, 2016 to the February 14, 2017 Plan Effective Date:

Professional Fee Cap.  This term will refer to and mean a cap of $350,000 for all Professional Fee Claims incurred by Committee's Professionals and Debtor's Professionals from the period from April 19, 2016 through the Effective Date

b.    At page 33, the Plan provides that the Debtor is to pay all approved fees subject to the Professional Fee Cap:

The Reorganized Debtor shall pay all Allowed Professional Fee
Claims, subject to the Professional Fee Cap, within five (5) Business
Days of entry of a Final Order approving such Professional Fee
Claims, unless otherwise ordered by the Bankruptcy Court or agreed
between the Chapter 11 Professional and the Reorganized Debtor.

c.  BRG's fees and expenses for the Third Fee Period prior to April 19, 2016 (when the period covered by the Professional Fee Cap begins) are $3,960.00 in fees and no expenses for a total of $3,960.00.

d.  BRGs' fees and expenses for the Third Fee Period beginning April 19, 2016 through February 14, 2017 (the Professional Fee Cap period), are $7,470.00 in fees and no expenses for a total of $7,470.00.

e.  Based on the Professional Fee Cap, BRG's fees are likely to be discounted in payment by the Debtor.  More particularly, depending on awards to other professionals, BRG will face a reduction *pro rata* with other of the Debtors' and Committees' professionals.

10.  The Plan has BRG's employment continue after the Effective Date for purposes of enabling fee applications and the fee hearing.  BRG roughly estimates such fees and expenses at $5,000 (exclusive of any time BRG may expend or expenses it may incur responding to fee objections).  Such fees and expenses incurred after the Effective Date bear no discount under the Plan (*e.g.*, the Professional Fee Cap does not apply).  More specifically:

a.  The Plan provides that the Creditors' Committee continues for purposes of the fee applications as noted at p. 95 of the Plan:

Upon the occurrence of the Effective Date, the Committee will
dissolve  and members will be released from all rights and duties
arising from or related to the Reorganization Case; provided, however,
that Committee may continue to exist after the Effective Date with
respect to any and all applications for Professional Fee Claims but not
for any other purpose.

b.  And, at pages 66 and 67, the Plan makes clear that post-Effective Date fees of Chapter 11 Professionals (such as relate to the fee applications and fee application hearing) are to be post-Effective Date obligations of the Debtor:

Any Claims for fees, costs, and expenses incurred by any Chapter 11 Professionals after the Effective Date will be treated as part of the fees and expenses of the Reorganized Debtor and need not be submitted to the Bankruptcy Court for approval.

## II.

## OVERVIEW OF THE BANKRUPTCY CASE

11.     The Diocese filed the Bankruptcy Case in order to address sexual abuse by individuals for whom the Diocese is or was responsible.  During the Third Fee Period, BRG has continued its focus on the evaluation and analysis of the Debtor's monthly operating reports and the related financial, banking and investment reports and statements.

## III.

## NARRATIVE STATEMENT OF SERVICES BRG RENDERED

## AND TIME BRG EXPENDED

12.     BRG classified into categories all services it performed during the Third Fee Period for which it seeks compensation.  BRG attempted to place each service in the category that best relates to such service.  However, because certain services may relate to one or more categories, services pertaining to one category may, in fact, be included in another category.  Filed concurrently herewith is the *Declaration of Matthew K. Babcock* (the "Babcock Declaration").  **Exhibit 1** to the Babcock Declaration is a true and correct copy of BRG's bill (the "BRG Bill") for the entire Third Fee Period, including a listing of the services BRG performed during the Third Fee Period, and of the expenses that BRG incurred during the Third Fee Period.  **Exhibit 2** to the Babcock Declaration sets forth the resumes of the BRG professionals who worked on this case during the Third Fee Period.

13.     BRG billed a total of $11,430.00 in fees during the Application Period.  The total fees represent 25.4 hours of work that BRG expended during the Application Period.  The time descriptions for each tenth of an hour BRG worked on the case are set forth in the BRG Bill, which is attached as **Exhibit 1** to this application.  The fees for the Application Period break down as follows:

| Category | Hours | Fees |
|---|---|---|
| Document Analysis (Monthly Operating Reports) | 21.5 | $9,675.00 |
| Fee Application Preparation & Hearing | 3.9 | $1,755.00 |
| **Total** | **25.4** | **$11,430.00** |

     a.  <u>Document Analysis (Monthly Operating Reports)</u>: During the Application Period, BRG analyzed 8 monthly operating reports filed by the Debtor for the months of November 2015 through June 2016. BRG's services included evaluating financial and operating activity reported in the Debtor's balance sheets and summarized in the Debtor's statements of cash receipt and disbursement. BRG also examined supporting transaction documents and data provided by the Debtor as part of the monthly reporting process. BRG performed these services in order to monitor the Debtor's monthly financial activity and its general sources and uses of funds. In addition, BRG performed comparative analyses on the Debtor's reported financial activity in order to develop and evaluate historical performance and trends.

Total hours:  21.5                              Total amount:  $9,675.00

     b.  <u>Fee Application Preparation & Hearing</u>:  During the Compensation Period, BRG prepared, finalized and filed its second interim fee application covering the time period from January 1, 2015 through December 31, 2015. BRG also telephonically attended the related fee application hearing held in March 2016.

Total hours:  3.9                              Total amount:  $1,755.00

     14.    The BRG professionals who completed the work detailed above are as follows (a copy of resumes for the BRG professionals is included as **Exhibit 2** to the Babcock Declaration):

| Professional | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| Matt Babcock (Senior Managing Consultant) | $450.00 | 25.4 | $11,430.00 |
| **Total** | | **25.4** | **$11,430.00** |

15.     BRG incurred no expenses during the Application Period.

16.     Accordingly, BRG seeks allowance and payment of interim compensation in the amount of $11,430.00, comprised of 11,430.00 in fees and no expenses.

17.     As previously discussed, the Professional Fee Cap was put in place for all professional fee claims incurred by the Debtor's professionals and the Committee's professionals for the time period from April 19, 2016 through the effective date of February 14, 2017. As a result, the BRG Bill provides a break-down of fees related to the period from January 1, 2016 through April 18, 2016 and April 19, 2016 through February 14, 2017. Of the total $11,430.00 in fees requested in this application, $3,960.00 relates to the period from January 1, 2016 through April 18, 2016. The remaining $7,470.00 relates to the period from April 19, 2016 through February 14, 2017 and as such is subject to the Plan's professional fee cap.

18.     BRG will ensure that a copy of this Application is served on the Office of the United States Trustee, the Debtor, bankruptcy counsel for the Debtor, Committee counsel, and all parties who have requested special notice in this case pursuant to the *Order Establishing Notice and Administrative Procedures* (Doc. 67).

19.     Neither BRG nor any members of BRG has any agreement or understanding of any kind or nature to divide, pay over or share any portion of the fees or expenses to be awarded to the Firm with any other person or attorney except as among the members and associates of BRG.

WHEREFORE, BRG respectfully requests that the Court order that:

A.     BRG be allowed final compensation for the Case Period of $57,225.92 ($57,182.00 in fees and $43.92 in expenses), subject only to the Professional Fee Cap; and

1        B.  As provided by the confirmed plan, no later than five business days following entry

2    of the Court's order, the Diocese pay BRG $22,069.50, subject to the Professional Fee Cap, as

3    follows:

4                i.    $10,639.50 to be paid without reduction for the withheld amounts from

5    the Second Interim Fee Application;

6                ii.    $3,960.00 to be paid without reduction for amounts incurred by BRG

7    during the Third Fee Period prior to the period covered by the Professional Fee Cap; and

8                iii.    $7,470.00 for amounts incurred by BRG during the Third Fee Period

9    covered by and subject to the limitations of the Professional Fee Cap.

10        DATED this _16_ day of March, 2017 at Salt Lake City, Utah.

11

12                        BERKELEY RESEARCH GROUP, LLC

13

14               By: _____

                          Matthew K. Babcock, CPA/CFF, CFE, CIRA

15                        Accountant and Financial Advisor for the Official

16                        Committee of Unsecured Creditors

17

18

19

20

21

22

23

24

25

26

27

28