STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for The Roman Catholic Bishop of Stockton,
a California corporation sole

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF STOCKTON, a California corporation sole,<br><br>Reorganized Debtor. | CASE NO. 14-20371-C-11<br><br>DCN: FWP-32<br><br>Date:      June 6, 2017<br>Time:     10:30 a.m.<br>Courtroom:   35<br>             501 I Street, 6th Floor<br>             Sacramento, CA |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF FINAL
DECREE AND CLOSING OF CHAPTER 11 CASE**

The Roman Catholic Bishop of Stockton ("RCB" or the "Reorganized Debtor"), under the terms of its confirmed Plan of Reorganization Dated October 26, 2016 (the "Plan"), hereby requests the Court to enter its (a) final decree and (b) order closing the case (the "Motion"). The Motion is supported by the Declaration of Douglas Adel in Support of the Motion for Entry of Final Decree and Closing of Chapter 11 Case (the "Adel Decl.").

### INTRODUCTION

On January 15, 2014, the RCB filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The RCB commenced its Chapter 11 reorganization case to restructure its financial affairs to, among other things, fairly, justly and equitably compensate all of its creditors, including victims of childhood sexual abuse (known and unknown) by clergy or others associated

-1-

with the RCB, trade creditors, and others. The RCB sought to bring healing to victims, parishioners and others affected by the past acts of Abuse and also to repay its creditors so the RCB could continue its ministry and mission.

After two years of mediation conducted by the Honorable Gregg W. Zive, United States Bankruptcy Judge for the District of Nevada, the RCB, creditors' committee and various interested parties agreed to a consensual plan of reorganization. On January 13, 2017, the Debtor confirmed its consensual Plan. Dkt. No. 843. The Effective Date under the Plan occurred on February 14, 2017. Dkt. No. 846.

The order confirming the Plan is now final. The Reorganized Debtor's case has been fully administered and, by this Motion, the Reorganized Debtor is seeking an order entering the final decree and closing the case.

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 105 and 350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (O). As set forth in the confirmed Plan section 32.8, the Court retained post-confirmation jurisdiction in this matter to enter a final decree.

**STATEMENT OF FACTS**

2. On January 15, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Adel Decl. at ¶ 3.

3. On January 13, 2017, the Debtor confirmed its consensual Plan. Dkt. No. 843. The Plan became effective on February 14, 2017. Dkt. No. 846.

4. All documents needed to implement the Plan have been signed, the account used to implement the Plan was fully funded and payments have been made as provided in the Plan. Adel Decl. at ¶ 6.

5. The Administrative Claims Bar Date passed on March 16, 2017, with no additional administrative claims filed. Adel Decl. at ¶ 7.

6. Final fee applications for professionals employed by RCB's estate were filed on

-2-    MOTION FOR ENTRY OF FINAL DECREE
AND CLOSING OF CHAPTER 11 CASE

March 21, 2017 (collectively, the "Final Fee Applications"). Orders on the Final Fee Applications were entered by the Court on April 19, 2017. Orders on the Final Fee Applications were entered by the Court on April 19, 2017. Payments on account of the Final Fee Applications have been made as provided in the Plan. Adel Decl. at ¶ 8.

7. The Reorganized Debtor has undertaken those tasks required under the non-monetary commitments, including updating its website, ordering plaques and delivering them to the schools and parishes, and sending letters of apology to all tort claimants. Adel Decl. at ¶ 9.

8. The Reorganized Debtor has operated its business post-confirmation pursuant to the Plan and the Plan is substantially consummated. Adel Decl. at ¶ 10.

9. Counsel for the Reorganized Debtor has communicated with the Trustee of the Plan Trust, Eric Schwarz, and the Trust's counsel, James Stang, regarding any need to keep the case open. Counsel responded that they are not aware of any issues that would keep the case from being closed.

10. The Reorganized Debtor intends to continue operating consistent with the terms of the Plan and does not anticipate the need for further Court jurisdiction over or intervention in this case. Adel Decl. at ¶ 11.

11. The Reorganized Debtor is current on all of the quarterly post-confirmation financial reports and all U.S. Trustee fees. The Reorganized Debtor will submit all post-confirmation financial reports and pay all outstanding U.S. Trustee fees as required by the Office of the U.S. Trustee in connection with the Motion and closing this case. Adel Decl. at ¶ 12.

**ARGUMENT**

12. Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 similarly provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

13. The Court should enter a final decree and order closing the case because the estate has been fully administered for purposes of Bankruptcy Code section 350(a). The meaning of

1  "fully administered," while nowhere defined in the Code, does not require that all payments required by a plan have been completed. *In re Kleigl Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999); *see also In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that failure to pay all claims should not delay entry of final decree).

14. According to the 1991 Advisory Committee Note to Rule 3022, the Court should consider the following non-exclusive factors to determine whether an estate has been fully administered: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

15. Here, all relevant factors favor entry of a final decree.

(a) The order confirming the Plan was entered nearly four months ago and is now final.

(b) All documents needed to implement the Plan have been signed, the account used to implement the Plan was fully funded and payments have been made as provided in the Plan.

(c) The Reorganized Debtor has transferred property as contemplated by the Plan.

(d) The Reorganized Debtor has operated its business post-confirmation pursuant to the Plan.

(e) The Reorganized Debtor has made post-confirmation payments to the holders of allowed administrative, secured, priority and general unsecured claims as authorized under the Plan.

(f) The Reorganized Debtor intends to continue operating consistent with the terms of the Plan and does not anticipate the need for further Court jurisdiction over or

intervention in this case.

(g)     There are no pending matters in the Reorganized Debtor's case.

16.     The Reorganized Debtor is current on all of the quarterly post-confirmation financial reports and all U.S. Trustee fees.  The Reorganized Debtor will submit all post-confirmation financial reports and pay all outstanding U.S. Trustee fees as required by the Office of the U.S. Trustee in connection with the Motion and closing this case.

17.     In sum, the administration of the estate is essentially complete and the Reorganized Debtor does not anticipate the need for further Court jurisdiction over or intervention in this case.

**CONCLUSION**

Based on the foregoing, the Reorganized Debtor respectfully requests the Court to enter an order as follows:

1.     Entering a final decree and closing the case; and

2.     For such other relief as the Court deems just.

Dated:  May 9, 2017

> FELDERSTEIN FITZGERALD
> WILLOUGHBY & PASCUZZI LLP
>
> By:*/s/ Paul J. Pascuzzi*_____
> PAUL J. PASCUZZI
> Attorneys for The Roman Catholic Bishop
> of Stockton, a corporation sole